DAVID, APPELLANT, *v.* LOSE ET AL., APPELLEES.

[Cite as David v. Lose, 7 Ohio St. 2d 97.]

(No. 39923—Decided July 6, 1966.)

98

Mr. W. V. Weiford, for appellant.
Mr. Russell J. Burt and Mr. Mervyn T. Grosjean, for appellees.

HERBERT, J. When the plaintiff entrusted his mare to the defendants for breeding purposes and paid for this service, a bailment for hire was created. See 7 Ohio Jurisprudence 2d, Bailments, Sections 3 and 6. The bailee for hire is obligated by law to exercise ordinary care in the safekeeping of the bailor's property, e. g., *Hotels Statler Co., Inc.,* v. *Safier* (1921), 103 Ohio St. 638. The bailee also promises to return the property undamaged upon the termination of the bailment, 8 American Jurisprudence 2d, Bailments, Section 164.

Therefore, the bailor can sue the bailee for breach of either duty, the duty of redelivery or the duty of exercising ordinary care. This was recognized in *Agricultural Ins. Co.* v. *Constan-*

*tine* (1944), 144 Ohio St. 275. Paragraph two of the syllabus reads as follows:

"Where a bailor delivers property to a bailee and such bailee fails to redeliver the bailed property upon legal demand therefor, a cause of action, either *ex contractu* or *ex delicto*, accrues in favor of the bailor."

In the case at bar, the bailor's petition states a cause of action in contract for breach of the bailees' duty to return the bailed property undamaged. In order to establish a prima facie case, the bailor need prove only (1) the contract of bailment, (2) delivery of the bailed property to the bailees and (3) failure of the bailees to redeliver the bailed property undamaged at the termination of the bailment.

In order to escape liability, the bailees must then assert and prove some affirmative defense. The bailees in their answer affirmatively plead that "they exercised that degree of prudent care necessary to safely confine and keep said mare until the acts of performance contemplated by the contract were fulfilled." The bailees thus assert that the mare was damaged through no fault of their own. In short, they assert non-negligence as an affirmative defense. The law recognizes this as a legal excuse for failure to redeliver the bailed property undamaged, 8 American Jurisprudence 2d, Bailments, Section 177. However, the burden of proof on the issue of the bailees' conduct remains with the bailees throughout the trial, *Hanlon* v. *J. E. Miller Transfer & Storage Co.* (1948), 149 Ohio. St. 387, at 389 and 391; 8 American Jurisprudence 2d, Bailments, Section 311; 7 Ohio Jurisprudence 2d, Bailments, Section 42. The law on the burden of proof on the issue of negligence in contract cases should be contrasted with that in negligence cases where the bailor, even when proceeding on the basis of *res ipsa loquitur*, has the burden of proof on the issue of negligence throughout the trial, 8 American Jurisprudence 2d, Bailments, Section 310; 7 Ohio Jurisprudence 2d, Bailments, Section 41.

The rule in contract cases is stated in the fourth paragraph of the syllabus of *Agricultural Ins. Co.* v. *Constantine, supra,* as follows:

"In an action by a bailor against a bailee based upon a breach of the contract of bailment, where the bailor proves de-

livery of the bailed property and the failure of the bailee to redeliver upon legal demand therefor, a *prima facie* case of want of due care is thereby *established and the burden of going forward with the evidence shifts to the bailee to explain his failure to redeliver."*

The Court of Appeals failed to draw the distinction between the tort and contract actions available to a bailor and so confused the two that it erroneously applied the doctrine of *res ipsa loquitur* to this action in contract. Although such confusion is not without precedent, it should not be encouraged.

The Court of Appeals failed to recognize that the question is not whether the plaintiff has established negligence but whether the defendants have established a legal excuse for breach of the contract. As it was stated in 8 American Jurisprudence 2d, Bailments, Section 166: "So far as the particular duty under discussion [*i. e.,* the bailee's duty of redelivery] is concerned, it is erroneous to say that a bailee is liable for negligence. He is liable for not delivering the subject of the bailment, but is excused if it has been lost without fault or want of care on his part."

In the case at bar, no legal excuse has been shown. The trial court's statement of facts—which is not disputed by either party—indicates that the stall was properly made, and that it was not the customary practice to station an attendant at all times to watch over the horses. No one knows how the injury to the mare occurred. Even if under the circumstances it is consistent with reasonable care for a bailee to put a mare in such a stall and leave her unguarded for a short duration, proof of those facts is not proof of a legal excuse because it is impossible to determine whether such reasonable conduct is at all relevant to how the injury occurred.

Thus, once it is known how the damage to the bailed property occurred, it is incumbent on the bailee to show that he acted reasonably in that regard. *Cf. Agricultural Ins. Co.* v. *Constantine, supra.* But where, as here, the bailee cannot show how the damage occurred, he must, in order to escape liability, affirmatively prove that he took reasonable precautions under the circumstances to prevent every possibility of damage from actually occurring.

Since the bailees failed to meet that burden and left the question of their conduct in a state of conjecture, the judgment of the trial court is affirmed, and that of the Court of Appeals is reversed.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, SCHNEIDER and BROWN, JJ., concur.

TAFT, C. J., concurring. The statements in Judge Herbert's opinion placing the burden of proving non-negligence on the bailee conflict with paragraph six of the syllabus in *Agricultural Ins. Co.* v. *Constantine* (1944), 144 Ohio St. 275, 55 N. E. 2d 658, which is quoted with approval in the opinion by the court in *Riggs* v. *Taylor* (1958), 168 Ohio St. 276, 154 N. E. 2d 145.

*Hanlon* v. *J. E. Miller Transfer & Storage Co.* (1948), 149 Ohio St. 387, 79 N. E. 2d 220, is based upon the specific wording of Section 8464 General Code (later replaced by Section 1323.10, Revised Code). Actually, that statute was repealed on enactment of the Uniform Commercial Code which does not contain the portions of the statute relied upon by this court in the *Hanlon* case. Thus, there is now not even any statutory basis for a decision such as that rendered in the *Hanlon* case. That statute was not applicable on the facts of the *Constantine* case and is not applicable on the facts of the instant case.

In the instant case, the trial court wrote an opinion giving reasons for its general finding for plaintiff. Although the opinion contains what are described under headings therein as "finding of fact" and "conclusions of law," no request for findings of facts and conclusions of law was made by any party pursuant to Section 2315.22, Revised Code, and it is apparent that there were no such findings and conclusions within the meaning of that statute. See, for example, *Albright, Admr.,* v. *Hawk* (1895), 52 Ohio St. 362, 39 N. E. 1044. The so-called findings of fact do not purport to be findings on ultimate or determinative facts, but represent merely findings on evidential facts.

There is nothing in those findings inconsistent with a gen-

eral finding for plaintiff, and there was no bill of exceptions before the Court of Appeals, which might have enabled that court to determine either whether the finding for plaintiff was supported by sufficient evidence or was against the weight of the evidence. Hence, there was no basis for the judgment of the Court of Appeals reversing the judgment of the trial court.

ZIMMERMAN, MATTHIAS, O'NEILL and BROWN, JJ., concur in the foregoing concurring opinion.