## Johnson
### v.
### Akron Management Corp.
*[Cite as 4 AOA 332]*

Case No. 14320
Stark County, (9th)
Decided June 15, 1990

*Hans C. Geho, Attorney at Law, 11700 Shaker Blvd., Cleveland, OH 44120, for Plaintiff.*

*Betty A. Nocera, Attorney at Law, 75 E. Market St., Akron, OH 44308, for Defendant.*

BAIRD, J.

This cause came before the court upon the appeal of Lance B. Johnson from the trial court's grant of summary judgment in favor of Akron Management Corporation dba Firestone Country Club.

A member of Firestone Country Club invited Johnson to play a round of golf at the club. After changing his clothes and having a snack, Johnson met the other players in his foursome. A golf cart was procured and, prior to teeing off at the first hole, Johnson removed his Rolex watch and placed it in the front compartment of the cart. In his deposition, Johnson states that he recalls seeing the watch in the golf cart sometime during the round, but does not recall seeing it after the eighteenth hole. At the end of the golf game, one of the players drove the cart over to an attendant at the pro shop.

After the cart was returned, Johnson and the other players retired to the clubhouse for refreshments. Ten to twenty minutes later, Johnson discovered that he was not wearing his watch. He went back to the pro shop to look for the watch but, according to his testimony, received little help in finding it. Johnson left his business card with the country club, but the watch was never located.

Johnson brought suit claiming that by not returning his watch Firestone Country Club breached its duty of care, breached its contractual duty as bailee, and committed a tortious act of conversion. The country club moved for summary judgment on all counts of the complaint. In its motion, the club claimed that it did not breach its duty of care or its contractual duty, nor did it convert the watch, for it did not exercise dominion and control over the watch. Johnson responded that Firestone Country Club became a bailee of his watch when the golf cart was turned over to the attendant. It, therefore, had a duty to return the watch and its failure to do so constituted negligence. Further, Johnson argued that, as bailee, the club was responsible for the tortious acts of its employees.

The trial court found that no issues of material fact existed and that Firestone Country Club was entitled to judgment as a matter of law. Specifically, the court found that no delivery of the watch took place, which is a necessary element of a bailment. The court reasoned that, because no bailment relationship existed, Firestone Country Club did not owe Johnson a duty to return the watch nor could it be liable for conversion. Johnson appeals the trial court's decision to this court and assigns two errors.

### ASSIGNMENT OF ERROR

"I. The trial court erred in granting summary judgment to appellee in that said judgment is contrary to Ohio law.

"II. The trial court erred in granting summary judgment to appellee in that said judgment was unsupported by competent, substantive evidence."

Assignments of error one and two will addressed together for they are both premised upon the trial court's grant of summary judgment.

Typically, a bailment, being a contractual relationship, arises consensually. For a bailor to recover against a bailee, he must establish a contract of bailment, delivery of the bailed property to the bailee, and a failure of the bailee to redeliver the property. *David* v. *Lose* (1966), 7 Ohio St. 2d 97, paragraph one of the syllabus. Bailments, however,ut none of the store employees could find it. The trial court found that the store was liable, for there was evidence to establish that the store had exercised control over the purse sufficient to find that the store had possessed it. Id. at 468. One witness testified that, after the plaintiff left the store, she saw the purse on the counter and gave it to an employee who put it on a shelf behind the counter. Another witness saw the purse being given to the store employee. The court noted that if the evidence was only that the plaintiff left the purse on the counter and walked out of the store, there could be no recovery. But because there was evidence that the employee assumed charge of it and placed it under the counter, the store was liable for its loss. *Id.* at 467-468.

In the instant case, Johnson states he placed the watch in the golf cart, but does not testify nor does he present any evidence that it was in the cart at the time the cart was returned to the pro shop. The mere placing of the watch in the golf cart does not give rise to a constructive bailment. A golf cart is not a type of receptacle that is usually furnished pursuant to an agreement for the performance of services indicative of a bailment, such as a safe deposit box in a bank. There must be some evidence that the employees of the country club exercised control over the watch, or at least evidence that raises issues of material fact upon which reasonable minds could differ. See *Viock* v. *Stowe-Woodward Co.* (1983), 13 Ohio App. 3d 7.

Summary judgment is warranted when, after adequate time for discovery, a party moves for summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which the party bears the burden of proof at trial. *Celotex Corp.* v. *Catrett* (1986), 477 U.S. 317, 322. No genuine issue of material fact exists because a complete failure of proof of an element of the cause of action denudes the other facts of their materiality. *Id.* at 323.

Thus, the moving party bears the initial responsibility of informing the court of the basis for the motion. The moving party, however need not support its motion with materials negating the opponent's claim. *Id.* at 324. The moving party's responsibility is discharged by pointing out to the court that there is an absence of evidence to support the nonmoving party's case. *Id.* at 325. The nonmoving party must then go beyond the pleadings and -- by affidavit or by depositions, answers to interrogatories and admissions on file -- designate specific facts showing that a genuine issue exists for trial. *id.* at 324.

In its motion, Firestone Country Club demonstrated to the lower court that there was an absence of evidence as to whether the club possessed the watch. Firestone Country club supported its motion with relevant portions of Johnson's deposition. Johnson, however, did not designate specific facts showing that a genuine issue existed as to whether the club possessed his watch. Because Johnson did not raise an issue of fact to defeat the club's showing of an absence of proof on the issue of possession, the trial court properly granted the club's motion for summary judgment. The mere forgetful placing of a watch in a golf cart does no create an issue as to whether a country club possessed the watch for purposes of establishing a constructive bailment.

Because Johnson's claims of conversion and negligence derive from the bailment he sought to establish, they are no longer viable claims in light of the trial court's determination that a bailment did not exist between Johnson and Firestone Country Club. See generally *Agricultural Ins. Co.* v. *Constantine* (1944), 144 Ohio St. 275, paragraph two of the syllabus (a cause of action for failure to return bailed property may be pursued in tort or in contract.). *Aetna Cas. & Surety Co.* v. *The Higbee Co.* (1947), 80 Ohio App. 437, 444 (Conversion is based upon the tortious conduct of the bailee).

This court affirms the trial court's grant of summary judgment on the grounds that there was no evidence of possession, i.e., Firestone Country Club exercised no dominion and control over the watch.

Appellant's assignments of error are not well taken.

*Judgment affirmed.*

REECE, P. J., and CIRIGLIANO, J., concur.