### Holmes v. Peterson
*[Cite as 7 AOA 286]*

*Case No. 57465*
*Cuyahoga County, (8th)*
*Decided October 4, 1990*

*No appellee's brief, for Plaintiff-Appellee.*

*Nwabueze V. Okocha, Okocha & Assoc. Co., L.P.A., 650 Rockefeller Building, 614 Superior Avenue, Cleveland, Ohio 44114, for Defendant-Appellant.*

VICTOR, J.

Appellee, Jennifer Holmes, brought suit against appellant, Pete Peterson, d.b.a. Pete's Auto Body Repair and Paint Refinishing, for the value of her automobile which was left with appellant to be serviced but disappeared. After a hearing the referee recommended a judgment for appellee. The trial judge entered judgment for appellee for $825.00. Appellant filed objections which were overruled. On appeal appellant assigns two errors for review.

### I
THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BECAUSE JENNIFER HOLMES IS NOT A REAL PARTY IN INTEREST.

Appellant cites Civ. R. 17 which states that every action shall be prosecuted in the name of the real party in interest and, in the case of a contract action, by the party with whom or in whose name a contract has been made. Appellant contends that the contract was between Roger Burnett and appellant, rather than appellee and appellant.

As noted in the discussion of assignment of error No. II the appellee's testimony was that her brother acted as her agent in dropping off her car for service. The contract was between appellee and appellant and appellee was a real party in interest. Assignment of error No. I is overruled.

### II
THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BECAUSE THERE IS NO BAILMENT RELATIONSHIP BETWEEN PLAINTIFF/APPELLEE AND DEFENDANT/APPELLANT.

Appellant contended that Burnett claimed to be the owner, authorized the work, paid for it and retrieved the automobile.

The appellee testified that on July 26, 1988 her brother delivered her 1977 Chrysler Cordoba to appellant for brake work. On September 28, 1988 her friend paid for the work but appellant told her friend that the Cleveland Police Department had towed it. Upon investigation appellee discovered that the vehicle had not been towed but had been given a parking ticket during the period that it was at the appellant's shop.

Appellant testified that he repaired the vehicle on July 26, 1988 and appellee's brother picked up the vehicle on July 30, 1988. However, he admitted that on September 26, 1988 he told appellee's friend that the police had towed it. He explained that he lied about the tow because he had promised the brother that he would not tell appellee her brother had retrieved the vehicle.

Appellant's wife contradicted appellant by testifying that the vehicle came July 26, 1988 and remained for two months before it disappeared.

The referee did not identify the brother or the friend. There is no mention of anyone named "Roger Burnett."

The referee concluded that the appellant, "as bailee, was responsible for the care of the [appellee's] vehicle while in his possession and shall be responsible for its disappearance." After deducting from $1,000 (the appraisal amount) $300 (for rust and high mileage) and adding $125 (the cost of the brake work) the referee recommended a judgment for appellee for $825.00.

There is competent, credible evidence of a bailment. There was evidence of a contract of bailment, delivery and failure to re-deliver undamaged property. *David v. Lose* (1966), 7 Ohio St.2d 97 (paragraph one of syllabus). Appellant failed to present convincing evidence to explain the failure *Id.* (paragraph two of syllabus). Appellee presented an appraisal from a Chrysler dealership. Appellant failed to object. Assignment of error No. II is overruled.

The judgment of the trial court is affirmed.

NAHRA, J., concurs.
KRUPANSKY, P.J., dissents.

Sitting by Assignment, Judge William H. Victor, Retired, of the Ninth District Court of Appeals.

KRUPANSKY, P.J., dissenting.

I respectfully dissent from the majority opinion for the reason that Cleveland Municipal Court, Small Claims Division, erred when finding for the plaintiff since plaintiff must necessarily prove she had a right, title, claim, or interest to the bailed vehicle to claim damages for its loss.

R.C. 4505.04 provides in relevant part as follows:

"(B) Subject to division (C) of this section, *no court shall recognize* the *right, title, claim,* or *interest of any person* in or to any motor vehicle sold or disposed of, or mortgaged or encumbered, unless evidenced:

"(1) By a certificate of title, a manufacturer's or importer's certificate, or a certified receipt of title cancellation to an exported motor vehicle issued in accordance with sections 4505.01 to 4505.19 of the Revised Code;

"(2) By admission in the pleadings or stipulation of the parties;" (Emphasis added.)

The statute states unequivocally that in the absence of an admission, stipulation or production of such a certificate of title, a court may not recognize a party's interest in a vehicle. See *Phillips v. Cincinnati Ins. Co.* (1979), 60 Ohio St. 2d 180; *Kleem v. Nationwide Insurance Co.* (Oct. 6, 1983), Cuyahoga App. No. 46027, unreported.

In the case *sub judice* the referee's findings of fact and conclusions of law contain *no probative evidence* pursuant to R.C. 4505.04 that plaintiff was entitled to the vehicle in question. There was no admission in the pleadings; neither was there a stipulation. There is no showing that the trier of fact based his conclusion that plaintiff had the right to possession of the vehicle, or the damages thereto, based on the certificate of title presented at trial.

The facts indicate plaintiff's brother took the vehicle to be repaired by defendant and months later a friend paid for the repair work. The first inkling establishing any possible interest plaintiff may have had in the vehicle is plaintiff's self serving statement that the vehicle belonged to her when she appeared at the defendant's place of business attempting to retrieve the vehicle. A statement by the referee merely calling the vehicle plaintiff's does not make it so and such statement without supportive probative evidence fails to meet any of the clear criteria set forth in R.C. 4505.04.

There is evidence supporting Plaintiff's contention she paid or had paid on her behalf $125 for brake work on the vehicle for which she is entitled to reimbursement from defendant. The part of the referee's decision granting plaintiff $700 as compensation for the vehicle's loss should be reversed since not one iota of proper probative proof exits in the record to support plaintiff's right, title, claim, or interest in the vehicle for which she demands recompense.

I would affirm in part and enter judgment for plaintiff in the amount of only $125 and reverse in part the judgment for $700 the value of the vehicle. In addition, I would make the judgment final.