985 F.2d 560
 1993-1 Trade Cases P 70,128
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
J.L. McCOY, INC., Plaintiff-Appellee,
v.
Steven WANDLING, David Wandling, Defendants,
Landis K. "Pat" WANDLING, d/b/a P & A Enterprises,
Defendant-Appellants,
v.
Joseph L. McCOY, Counter-Defendant.
 No. 92-3006.
 United States Court of Appeals, Sixth Circuit.
 Feb. 4, 1993.
 
 Before KENNEDY and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendants Steven Wandling, David Wandling, and Landis Wandling challenge the district court's decision holding defendants liable for breach of their bailment contract with plaintiff J.L. McCoy, Inc. For the following reasons, we AFFIRM.
 
 I.
 
 2
 Plaintiff is a West Virginia corporation which engages in the interstate transportation of goods. Defendants, residents of Ohio doing business as P & A Enterprises, entered into a lease agreement with plaintiff by which defendants would provide a truck and driver to haul goods for plaintiff. In November 1983, Phillip Brothers, Inc. (Phillip) engaged plaintiff to transport four shipments of aluminum from the Metal Container Corporation to the Kaiser Aluminum and Chemical Corporation. Pursuant to their agreement with plaintiff, defendants received the four shipments and claimed to have delivered them. However, Phillip sued plaintiff in the district court for New York, alleging non-delivery of one of the four shipments. Plaintiff settled the action for $27,500.
 
 
 3
 Subsequently, plaintiff brought the present diversity action, alleging that defendants breached their contract of bailment by negligence or by conversion of the fourth shipment and also asserting a cause of action for indemnity under the lease agreement. Defendants denied these allegations and attempted to counterclaim against J.L. McCoy individually, asserting causes of action for libel, slander, and the wrongful filing of the present lawsuit, apparently alleging an anti-trust violation. The district court dismissed the counterclaim.
 
 
 4
 Defendants filed motions seeking dismissal for failure to state a claim, judgment on the pleadings, or summary judgment. The district court treated all of these motions as seeking summary judgment because materials outside the pleadings had been submitted, and because plaintiff responded as though the motions sought summary judgment. Finding that genuine issues of material fact existed, the district court denied the motions.[1]
 
 
 5
 Under 28 U.S.C. § 636(c), the parties agreed to submit the case to a magistrate for trial.[2] After trial, the magistrate ruled that defendants had breached their contract of bailment with plaintiff and that plaintiff had a right to indemnification under the lease agreement. On November 18, 1991, the magistrate entered a judgment in favor of plaintiff in the amount of $27,500. Defendants now challenge the magistrate's judgment and the district court's earlier decision to dismiss defendants' counterclaim.
 
 II.
 A.
 
 6
 We review the magistrate's findings of fact under the clearly erroneous standard. Fed.R.Civ.P. 52(a). A factual finding is clearly erroneous only when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). See 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2585 (1971 & Supp.1992). A review of the record shows that the magistrate's findings are not clearly erroneous.
 
 
 7
 At trial, the evidence of what actually transpired conflicted greatly. Plaintiff produced evidence that an order to deliver four shipments of aluminum was placed by Phillip and that plaintiff engaged defendants to do so. Defendants, on the other hand, testified inconsistently that the order consisted of three, four, or five shipments, eventually contending that the original order was for only three shipments and that a fourth was made at a later date. The magistrate found that an order of four shipments was made, but that defendants failed to deliver one of the four shipments.
 
 
 8
 On appeal, defendants argue that the magistrate's finding is clearly erroneous in light of a freight manifest which indicates that defendants delivered the fourth shipment. Freight manifests are issued to the driver by the shipper and contain the work order number for the shipment, the consignee's name, the signature of the consignee's agent, and the date of delivery. Upon delivery, the consignee, the driver, and plaintiff each retain one of three copies. The magistrate rejected the authenticity of the manifest introduced by defendants. First, only defendants' copy of the manifest could be found even though both plaintiff and the consignee should have had one. Second, the manifest contains no date of delivery. Third, several witnesses disputed the authenticity of the signature on the manifest. Because of these flaws, the magistrate refused to rely on the manifest as evidence of delivery of a fourth shipment. We find the magistrate's conclusion is not clearly erroneous in light of the conflicting evidence.
 
 
 9
 Based on his factual conclusion that defendants took possession of the fourth shipment, yet failed to re-deliver it to the consignee, the magistrate correctly found that plaintiff made out a prima facie case that defendants breached their bailment contract with plaintiff. Under Ohio law, a prima facie case of such breach requires a plaintiff to prove the existence of a bailment contract, delivery of the goods to the bailee, and the bailee's failure to re-deliver the goods to the proper party. David v. Lose, 7 Ohio St.2d 97, 99-100; 218 N.E.2d 442, 444-45 (1966). At that point, a defendant has the burden of proving a legitimate reason for the failure to re-deliver. Id.; Agricultural Ins. Co. v. Constantine, 144 Ohio St. 275, 288; 58 N.E.2d 658, 664 (1944). Defendants failed to do so; thus, plaintiff's prima facie case stood unassailed.
 
 
 10
 The magistrate also properly found that defendants were bound to indemnify plaintiff for its loss because it was occasioned by the actions of defendants. Under Ohio law, the terms of an express agreement of indemnification are given their full effect. Worth v. Aetna Cas. & Sur. Co., 32 Ohio St.3d 238, 240-41; 513 N.E.2d 253, 256 (1987). Paragraph 20 of the lease agreement between plaintiff and defendants provides that defendants will indemnify plaintiff "on account of ... loss of property caused by or resulting in any manner from an act or omission, negligence or otherwise [of defendants]." Because the magistrate found that defendants caused the loss of the fourth shipment, plaintiff had a right under the lease agreement to seek indemnification for the judgment entered against it in Phillips' action.
 
 B.
 
 11
 Defendants also argue that the district court improperly dismissed their counterclaim. We disagree. First, the libel and slander claims were barred by Ohio Rev.Code § 2305.11(A) which provides a one-year statute of limitations for such actions. The cause of action, based on allegedly false accusations of defendants' misconduct, accrued between 1983 and 1985. Defendants attempted to counterclaim in January 1989, well beyond the one-year statute of limitations. Second, the district court properly refused to allow defendants to amend their counterclaim because it failed to state a claim. Although less than clear, defendants apparently argue that by suing defendants, plaintiff committed an anti-trust violation. While it is true that filing harassing lawsuits can constitute an anti-trust violation, this occurs only when entities "engage[ ] in concerted action to achieve illegal objectives through resort to a rash of 'sham' lawsuits...." Opdyke Inv. Co. v. Detroit, 883 F.2d 1265, 1273 (6th Cir.1989) (citing California Motor Transp. Co. v. Trucking Unltd., 404 U.S. 508, 515 (1972)). Here, defendants did not show a rash of lawsuits nor even that defendants compete with plaintiff. The district court's decision to dismiss this counterclaim was not in error.
 
 
 12
 For the foregoing reasons, we AFFIRM.
 
 
 
 [1]
 Defendant contends that summary judgment should have been granted; however, genuine issues of material fact existed which precluded entry of summary judgment. See Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-52 (1986)
 
 
 [2]
 Section 636(c)(1) provides:
 Upon the consent of the parties, a full-time United States magistrate or a part-time United States magistrate who serves as a full-time judicial officer may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves.
 28 U.S.C. § 636(c)(1). Further, 28 U.S.C. § 636(c)(3) provides for direct appeal from the magistrate's judgment to the United States Courts of Appeals.