Plaintiff-appellant, Paul Pschesang, appeals a Clermont County Municipal Court decision in favor of defendant-appellee, Todd Butler, refusing to allow appellant to recover monies for damage to his tractor that allegedly occurred while the tractor was in appellee's possession.
On June 20, 1996, Richard Rauch, one of appellant's employees, drove appellant's tractor to Pro-Tech Automotive, a repair shop owned and operated by appellee. Appellant had previously spoken with appellee by phone and contracted for appellee to repair his tractor's air conditioning system in exchange for payment.
Appellant, Rauch, and Carl Baker, another one of appellant's employees, testified at trial. Both Rauch and Baker testified that there was nothing wrong with appellant's tractor prior to the time it was dropped off at appellee's repair shop, other than that the air conditioning system was leaking. Neither appellee nor appellant were present when the tractor was dropped off at Pro-Tech Automotive.
Appellee testified that upon starting the tractor to drive it into the repair shop, he immediately heard a "grinding sound." Appellee testified that he released the emergency brake, and idled the tractor approximately thirty feet into the repair shop. Appellant was not present while appellee performed the air conditioning repair. After he repaired the air conditioning, appellee testified that the grinding sound was still present. Appellee then returned the tractor to its original location, roughly thirty feet outside the repair shop.
The evidence reveals that when appellant arrived to retrieve his tractor, he "tried to place it in gear" and immediately felt "there was something grabbing. It would not move freely." Appellant testified that he assumed that appellee had moved the tractor with the emergency brake on. Appellant further testified that, before leaving the repair shop, he told appellee of the grinding noise. Appellee testified when appellant told him of the "grinding noise," he advised appellant that the noise was present when he first started the tractor, and that appellant should probably not drive it home as that might result in more damage.
However, the evidence presented at trial reveals that appellant took the tractor and drove it approximately five miles back to his residence. During cross examination on this point, appellant was asked the following question:
 Q. And it's possible that during that drive back home that additional damage was caused. It probably should not have been driven that five miles is that correct?
A. That's probably true * * *.
Upon arriving home, appellant called a tractor dealer. The dealer came out, retrieved the tractor, and repaired it at a cost of $1,058.
On August 2, 1996, appellant filed a small claims complaint against appellee in the Clermont County Municipal Court. The complaint alleged "damage to farm tractor while at his establishment for repair." In addition to the cost of repair to the tractor, appellant sought to recover monies lost as a result of delayed crop planting and delayed crop yields. On October 29, 1996, a hearing was held and appellant was granted a default judgment in the jurisdictional amount of $2000. On December 20, 1996, the judgment for appellant was set aside based upon the excusable unavailability of the defendant's attorney on the hearing date.
The matter proceeded to trial before a magistrate on August 15, 1997. The magistrate, in a written decision, found that appellant had presented "no concrete evidence, by expert opinion or otherwise, that Defendant's [appellee's] actions were the proximate cause of damage to the tractor" and entered judgment in favor of appellee at appellant's cost.
Appellant filed objections to the magistrate's decision on September 11, 1997. Specifically, appellant alleged that the decision was against the manifest weight of the evidence. On October 9, 1997, the trial court rejected the magistrate's decision, finding that "the Magistrate's decision was based upon a theory of negligence only" and "did not consider the theories of breach of contract, bailment or res ipsa loquitur * * *." The matter was remanded for further consideration of these theories and pursuant to the request of the parties, the trial court agreed to decide the matter.
On April 14, 1998, the trial court filed its entry in which judgment was awarded in favor of appellee at appellant's costs. Upon examination, it is clear that the trial court considered the theories of breach of contract, bailment and res ipsaloquitur.
Appellant perfected an appeal and raises two assignments of error:
First Assignment of Error:
 THE TRIAL COURT DECISION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Second Assignment of Error:
 THE TRIAL COURT MISAPPLIED THE DOCTRINE OF RES IPSA LOQUITUR.
In his first assignment of error, appellant contends that because the evidence at trial only permitted the court to speculate about the possible causes of the damage to the tractor, the court erred in entering judgment in favor of appellee. Furthermore, while appellant admits that the trial court correctly found a bailment contract to exist between the parties, he argues that the trial court "failed to properly apply the burden of proof."
Our review of the trial court's entry reveals that the trial court improperly blended the theories of breach of contract of bailment and negligence in its analysis of this matter. However, because we find that appellee was entitled to judgment in his favor, the fact that the trial court based its determination upon erroneously blended theories is unimportant. See Agriculture Inc. Co. v. Constantine (1944), 144 Ohio St. 275. "[W]here the judgment is correct, a reviewing court is not authorized to reverse such judgment merely because erroneous reasons were assigned as the basis thereof." Id. at 284.
"A bailment exists where one person delivers personal property to another for a specific purpose. Possession alone is transferred, and ownership remains in the bailor." Marcum v.House Towing (Nov. 11, 1998), But. App. No. CA98-05-109, unreported, at 3, citing Tomas v. Nationwide Mut. Ins. Co.
(1992), 79 Ohio App.3d 624, 629. It is well-established jurisprudence that where a bailor delivers property to a bailee and such bailee fails to redeliver the bailed property undamaged, there arises a cause of action, sounding either in contract or tort, in favor of the bailor. Agriculture Inc. Co.v. Constantine (1944), 144 Ohio St. 275, paragraph two of the syllabus; Marcum at 4. In the instant case, it is unclear from the language of the complaint whether appellant was pleading a contractual or tortious claim. However, upon examination of appellant's assignments of error, we find that his first assignment of error addresses the trial court's resolution of the contract of bailment claim, while his second assignment of error addresses the trial court's application of the negligence or tort doctrine of res ipsa loquitur.
"To establish a prima facie case in contract, appellee must prove (1) the contract of bailment, (2) delivery of the bailed property to the bailee, and (3) failure of the bailee to redeliver the bailed property undamaged at the termination of the bailment." Marcum at 5, citing David v. Lose (1966), 7 Ohio St.2d 97, paragraph one of the syllabus. Once a prima facie case has been established, "in order to escape liability, the bailee must then assert and prove some affirmative defense."David at 99. One such affirmative defense is the "non-negligence" defense. Id. at 99; Marcum at 6. In order to utilize the "non-negligence" defense, the bailee must assert and present evidence that reasonable and ordinary care was taken with the bailor's property.
Having reviewed the law with respect to bailments, we turn our attention to the applicable standard of review for appellant's first assignment of error. We begin by reiterating that judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court. Season's Coal Co., Inc. v.Cleveland (1984), 10 Ohio St.3d 77, 80; C.E. Morris Co. v.Foley Construction Co. (1978), 54 Ohio St.2d 279. When resolving a manifest weight of the evidence claim, the function of an appellate court is not to weigh the evidence and pass upon its sufficiency, Betsy Ross Foods, Inc. v. Akron, Canton Youngstown Railway Co. (1983), 13 Ohio App. 145, 147, nor should the reviewing court usurp the function of the trier of fact by substituting its judgment for that reached by the trier of fact. See Simon v. Lake Geauga Printing Co. (1982), 69 Ohio St.2d 41. Rather, the appellate court's limited role is to ascertain whether competent, credible evidence supports the judgment. Mel Farr Ford v. Van Stop, Inc. (Dec. 30, 1998), Butler App. No. CA98-03-064, unreported, at 4-5.
In the instant case, the trial court correctly determined that a contract of bailment was created between the parties through "an oral agreement made by the Defendant to perform a service in exchange for payment by the Plaintiff." Upon review of the record before us, we find that appellant successfully established a prima facie claim in contract. However, we also find that appellee asserted, and presented evidence which supports, the affirmative defense of "non-negligence." Specifically, appellee presented testimony that the grinding noise was present prior to his moving of the tractor, and that when he moved the tractor, he idled it a distance of only thirty feet into the repair shop and then back out to its original position. We agree with the well-reasoned opinion of the trial court that appellee's "contact with the tractor was minimal." Accordingly, we find appellee presented competent and credible evidence which supports the affirmative defense of "non-negligence." The trial court's decision is not against the manifest weight of the evidence. Appellant's first assignment of error is overruled.
In his second assignment of error, appellant contends that in a bailment context, where the evidence establishes that undamaged goods were delivered to the bailee, the doctrine ofres ipsa loquitur should apply to allow an inference of negligence. Furthermore, appellant contends that the bailee bears the burden of proving how the property was damaged. We disagree.
The essential elements necessary to establish a tort claim "are duty, breach of duty, and damage or injury that is a proximate result of the breach." Mazzaferri v. Weller Roofing,Inc. (Nov. 10, 1997), But. App. No. CA96-10-197, unreported, at 2. The doctrine of res ipsa loquitur is an evidentiary rule that permits a fact finder to draw an inference of negligence when the logical premises for the inference are demonstrated.Glowacki v. North Western Ry. Power Co. (1927), 116 Ohio St. 451, paragraph one of the syllabus.
The prerequisites for using the doctrine res ipsa loquitur to establish a prima facie tort or negligence case were articulated by the Ohio Supreme Court in Hake v. WiedemannBrewing Co. (1970), 23 Ohio St.2d 65, 66-67, as follows:
 To warrant application of the rule a plaintiff must adduce evidence in support of two conclusions: (1) That the instrumentality causing the injury was, at the time of the injury, or at the time of the creation of the condition causing the injury, under the exclusive management and control of the defendant; and (2) that the injury occurred under such circumstances that in the ordinary course of events would not have occurred if ordinary care had been observed.
At this point, we also note that under the doctrine ofres ipsa loquitur, the plaintiff continually bears the burden of proof. Jennings Buick, Inc. v. Cincinnati (1980), 63 Ohio St. 2
d, 167, 171.
Upon thorough review of the law and facts before us, we find that resolution of appellant's second assignment of error lies within the second prerequisite set forth in Hake. That is to say, in order for the doctrine of res ipsa loquitur to apply in the instant case, appellant must have put forth evidence to establish the logical inference that the damage to his tractor was the proximate result of appellee's negligence.
Ohio case law establishes that "[w]here it has been shown by the evidence adduced that there are two equally efficient and probable causes of the injury, one of which is not attributable to the negligence of the defendant, the rule of res ipsaloquitur does not apply." Id. at 171.
 Where all the facts connected with an accident fail to point to the negligence of the defendant as the proximate cause of the injury, but show a state of affairs from which an inference could reasonably be drawn that the accident was due to a cause or causes other than the negligent act of defendant, the plaintiff cannot rely upon mere proof of the surrounding facts and circumstances, * * *. The doctrine of res ipsa loquitur does not apply in such case.
Id. at 172 (citations omitted).
The record in the instant case contains evidence from which a reasonable fact finder could infer that there existed another cause of damage to appellant's tractor other than a negligent act on the part of appellee. The record before this court fails to eliminate the possibility that the damage to appellant's tractor was, in fact, attributable to his own negligence. We find that a reasonable person could conclude that appellant himself was the proximate cause of the damage to his tractor. Specifically, the evidence reveals that when appellant arrived to retrieve his tractor, he felt "there was something grabbing," and yet in spite of appellee's warning that driving the tractor might result in further damage, he drove the tractor approximately five miles back to his residence. Additionally, the fact finder was presented with appellant's admission that the tractor "probably should not have been driven that five miles," and that the drive might have indeed resulted in damage to his tractor.
Accordingly, because the evidence adduced at trial reveals an "equally efficient and probable cause of the injury" to appellant's tractor "which is not attributable to the negligence of the defendant," we find the rule of res ipsaloquitur inapplicable to the instant case. Jennings Buick, Inc.v. Cincinnati (1980), 63 Ohio St.2d, 167, 171. The trial court did not error in its analysis of appellant's res ipsaloquitur claim, and appellant's second assignment of error is overruled.
Judgment affirmed.
KOEHLER and WALSH, JJ., concur.