Appellant, Eddie Ellington, appeals the trial court's grant of summary judgment in favor of appellee, Gray Barrel Drum Co. For the following reasons, we affirm.
Appellant filed a complaint against his employer, appellee Gray Barrel Drum Co., for negligently failing to protect appellant's tools from thieves. Appellant averred and deposed as follows: Appellee required that appellant provide his own tools. The tools weighed 2,000 pounds. Appellant kept the tools in a large locked toolbox located inside the plant. Appellant was the only person with a key for the toolbox. Appellee's employees often borrowed appellant's tools to repair machinery.
Appellant further averred and deposed that: On Saturday morning, appellant discovered that the thieves had pried the lock off the box and taken half of the tools. Appellant discussed the theft with the owner of the company. Appellant welded the tool box shut. On Monday, appellant discovered that the thieves had returned, sawed off all the hinges, and taken the rest of the tools. The tools had to be loaded into a truck and had to have been seen by the guard. There was a fence around the facility, but the fence had holes in it. The doors were not locked.
Kenneth Gray, the plant manager, averred that appellant maintained exclusive control over the tools. Appellant was told that he remained responsible for the well being of his tools.
The trial court granted appellee's motion for summary judgment because no bailment contract existed.
Appellant's assignments of error will be discussed together. They state:
 WHETHER THE NUMEROUS SEPARATE JOBS REQUIRED BY DEFENDANT TO PERFORM AT DEFENDANT'S PLACE OF WORK AND WHICH REQUIRED AN ENORMOUS NUMBER OF TOOLS WHICH WEIGHED IN TOTAL OVER TWO THOUSAND LBS., MADE IT PHYSICALLY AND PRACTICALLY IMPOSSIBLE FOR PLAINTIFF TO LOAD SAID TOOLS INTO HIS AUTO AND THEN UNLOAD THEM AND CARRY THEM INTO HIS RESIDENCE EACH AND EVERY DAY OF WORK.
 WHETHER DEFENDANT WAS BAILEE OF PLAINTIFF'S TOOLS STORED IN A 4' X 5' TOOL BOX ON DEFENDANT'S PREMISES.
 WHETHER THE STORAGE OF PLAINTIFF'S TON OF TOOLS ON DEFENDANT'S PREMISES CREATED A BAILMENT FOR THE MUTUAL BENEFIT OF BOTH PLAINTIFF AND DEFENDANT.
 WHETHER DEFENDANT WAS AT FAULT AND NEGLIGENT FOR WANT OF CARE BY NOT SECURING THE BUILDING WHERE PLAINTIFF'S TOOLS WERE STORED AND PERMITTING THIEVES TO STEAL PLAINTIFF'S TOOLS, NOT JUST ON THE FIRST DAY, AND BUT (SIC) ALSO THE FOLLOWING DAY AFTER THE FIRST THEFT OCCURRED, AND WHILE SECURITY GUARDS HIRED BY DEFENDANT TO PREVENT THEFT WERE STATIONED ON DEFENDANT'S PREMISES.
 In order to establish a prima facie case against a bailee in an action sounding in contract, a bailor need prove only (1) the contract of bailment, (2) delivery of the bailed property to the bailee and (3) failure of the bailee to redeliver the bailed property undamaged at the termination of the bailment.
David v. Lose (1966), 7 Ohio St.2d 97. Delivery is not complete unless the transfer excludes the possession of the owner-bailor and all other persons. See Trans-Power Truck Lines, Inc. v.Brenner (Aug. 14, 1987), Lucas App. No. L-86-319, unreported;Herman v. Bowman Transp., Inc. (Dec. 28, 1989), Franklin App. No. 89AP-763, unreported. The bailee must have sole custody and control of the property. Id., See Agricultural Ins. Co. v.Constantine (1944), 144 Ohio St. 275; Atlantic Mut. Ins. Co. v.Cuttaia, (July 21, 1994), Cuyahoga App. No. 65729, unreported.
In this case, appellant had the only key to the toolbox. Appellant could gain access to the plant and his tools any time. Appellant did not relinquish control over the tools. Appellee did not have independent and exclusive control over the appellant's toolbox. For a case with very similar facts, see Herman v. BowmanTransp., Inc. Also see Agricultural Ins. Co., Atlantic Mut. Ins.Co., supra (A parking lot is only a bailee if the keys are left with the parking lot attendant.)
Appellant asserts that Johnson Towers Baltimore, Inc. v.Babbington (1972), 264 Md. 724, 288 A.2d 131 established a different rule. In that case, the employer conceded that it was a bailee for mutual benefit. Additionally, out of state decisions are not binding upon this court.
We agree with the trial court's determination that no bailment contract existed due to inadequate delivery.
Accordingly, appellant's assignments of error are overruled.
The decision of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SPELLACY, J., AND ROCCO. J., CONCUR.
 _________________________ ANN DYKE PRESIDING JUDGE