[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiffs-appellants William P. Coley II, Carolyn Coley, and their insurance carrier, Westfield Insurance Company, appeal the trial court's decision granting summary judgment in favor of defendants-appellees Central Parking Services of Ohio, Inc., ("CPS") and UNO's Restaurant and Bar ("UNO's"). For the following the reasons, we affirm the entry of summary judgment.
The record reveals the following undisputed facts. On the evening of February 20, 1999, Mr. and Mrs. Coley were passengers in a van driven by Bryon Pridemore and owned by his wife, Brenda Pridemore. Mr. and Mrs. Pridemore had just picked up the Coleys from the Greater Cincinnati Northern Kentucky Airport. The Coleys' luggage, which included a makeup bag that stored Mrs. Coley's personal jewelry valued at approximately $25,000, was stowed in the rear of the van.
Before returning home, the couples decided to stop at a downtown Cincinnati restaurant, UNO's, for dinner. Upon arriving at UNO's, they utilized the valet parking service that was owned and operated by CPS. Mr. Coley accepted the claim check from the parking attendant and paid for the valet service. As Mr. Pridemore gave the keys to one of the parking attendants on duty, he told that parking attendant "to be careful because there is stuff in the van."
Following dinner, the couples returned to the parking station and presented their claim check. After a fifteen-minute wait, the attendant returned with the van and reported that it had been broken into. A search of the van revealed that Mrs. Coley's makeup bag, including her jewelry, was missing.
The Coleys filed a complaint against UNO's and CPS for breach of a bailment contract. CPS and UNO's moved for summary judgment, arguing that a bailment contract with respect to the contents of the van did not exist and, thus, that CPS and UNO's owed no duty to the Coleys with respect to their personal property in the van. On February 7, 2001, the trial court granted summary judgment to CPS and UNO's. The Coleys have appealed, bringing forth one assignment of error: that the trial court erred in granting summary judgment. We disagree.
Pursuant to Civ.R. 56(C), summary judgment is to be granted only when no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and, with the evidence viewed most strongly in favor of the nonmoving party, that conclusion is adverse to that party.[1] This court reviews the recordde novo to determine whether summary judgment is appropriate.
Generally, to establish a prima facie case of breach of a bailment contract, the bailor must prove the existence of the bailment contract, the delivery of the bailed property to the bailee, and the failure of the bailee to return the bailed property undamaged at the end of the bailment.[2] There is no dispute here that there was a bailment contract between the parties as to the van; the issue before the trial court was whether a bailment existed with respect to the personal property, i.e., the luggage, contained in the van. We are constrained to hold on this record that no bailment existed with respect to the contents of the van.
In order to establish a bailment contract for the contents that are not ordinarily kept or found in a vehicle, the bailee must have notice of the existence of the specific contents.[3] We hold that, under the facts of this case, informing the parking attendant employed by CPS that there was "stuff" in the rear of the van was insufficient, as a matter of law, to place CPS on notice of the existence of approximately $25,000 worth of jewelry in the van. The purpose of notifying the bailee of the nature and value of the property is to give the bailee the opportunity to reject the bailment.[4] No such opportunity was afforded here. Accordingly, the Coleys' single assignment of error is overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Winkler, JJ.
[1] See State ex rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587,589, 639 N.E.2d 1189, 1192.
[2] David v. Lose (1966), 7 Ohio St.2d 97, 218 N.E.2d 442, paragraph one of the syllabus.
[3] See Smith v. Stacy d.b.a. Repair Wrecker Service (June 19, 2001), Pike App. No. 00CA648, unreported; Palotto v. Hanna Parking GarageCo. (1946), 46 Ohio Law Abs. 18, 68 N.E.2d 170.
[4] See Csank v. Westlake Condo. Assn. (Jan. 5, 1995), Cuyahoga App. No. 66774, unreported.