[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellants, Willa and Derrick Cotten, appeal the trial court's entry of summary judgment in favor of defendant-appellee Zoological Society of Cincinnati ("the Cincinnati Zoo"). In asserting that the trial court erroneously granted summary judgment, the Cottens maintain in their single assignment of error that genuine issues of material fact remained as to their claim for personal injuries sustained while crossing a swinging, wooden-plank bridge located in one of the Cincinnati Zoo's exhibits. Because our review of the record convinces us that genuine issues of material fact remain to be litigated, we find the assignment to be persuasive and thus reverse the judgment of the trial court.
Pursuant to Civ.R. 56(C), summary judgment may be granted only when no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and, with the evidence construed most strongly in favor of the nonmoving party, that conclusion is adverse to that party.[1] This court reviews the record de novo to determine whether summary judgment is appropriate.[2]
On August 6, 2000, the Cottens escorted their three small grandchildren to the Cincinnati Zoo. During their visit, they entered the Jungle Trail
exhibit, which required them to cross a creek bed by way of a swinging bridge constructed of wooden planks. While attempting to traverse the bridge, Mrs. Cotten, who was carrying one of the grandchildren, slipped and fell. As a result of her fall, she broke her ankle.
The Cottens argue that although they did not personally know what caused Mrs. Cotten to slip, there was enough evidence presented to indicate that the condition of the bridge may have been unsafe due to the wooden planks being wet and covered with mulch, and that that condition was the proximate cause of her fall.
Mrs. Cotten testified in her deposition that "[m]y clothes [were] all wet and muddy from the accident. So[,] I guess the bridge was wet because my clothes were all wet and muddy, and my shoes — I had leaves and all of that stuff —." Mr. Cotten was immediately behind his wife when she fell. He too was deposed and testified that although he did not know what had caused Mrs. Cotten to fall, he did notice mulch on the bridge. He also testified that "[he] was on the edge [of the bridge] and [Willa] [wa]s on the bridge and I [had] my foot holding the [grandchildren's baby] carriage to keep it from coming down, but my foot [wa]s slipping. Like I [had] said the plank was wet. That mist kept coming out there under the bridge or whatever it was. Anyway[,] it was wet. To me it was after I got on it. You know, you could see it. That mulch was out there on top of it, too."
The Cincinnati Zoo maintains that, in their action for negligence, the Cottens bore the burden of proving that an unsafe condition existed on the bridge and that that specific unsafe condition was the proximate cause of the fall. Because the Cottens could not testify as to what specifically caused Mrs. Cotton to fall and sustain injuries, then a negligence claim could not be maintained against the Cincinnati Zoo. We agree that the Cottens had to demonstrate that the condition of the bridge was the proximate cause of Mrs. Cotten's fall and observe that the Cottens did present evidence to that effect. The Cottens offered into evidence the affidavit of a safety-engineer expert, Bernard Krotchen, without objection by the Cincinnati Zoo. Krotchen opined in part,
 Based upon the plaintiff's deposition and the photographs [of the bridge] attached thereto and my personal inspection of the accident cite [sic], I can say, within a reasonable degree of certainty, that the wooden planks would become slippery when wet, especially the outer edge where dirt and plant growth are likely to accumulate.
* * *
 It is my professional engineering opinion, based on all of the facts known to me and referenced above, within a reasonable degree of engineering certainty, that the condition of the bridge at the time of the injury, and to some extent to this day, constituted an extremely hazardous condition, which was the direct and proximate cause of Plaintiff, Willa Cotten's fall on said bridge.
 The Cincinnati Zoo maintains that the Cottens did not testify that the planks of the bridge were wet and that the expert's opinion was improperly based on facts not in evidence. But evidence was presented that the bridge was wet. Mr. Cotton testified to that effect, and, it could reasonably be ascertained, from Mrs. Cotton's testimony that her clothes were wet and muddy after she fell, that the bridge had been wet.
Based on the foregoing, we conclude that there exists a genuine issues of material fact concerning whether the condition of the bridge at the time of Mrs. Cotten's fall was unsafe and whether that condition proximately caused her to fall and sustain injuries. Accordingly, we reverse the trial court's order granting summary judgment in favor of the Cincinnati Zoo and remand this cause for further proceedings consistent with this judgment entry and the law.
Hildebrandt, P.J., Gorman and Sundermann, JJ.
[1] See State ex rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587,589, 639 N.E.2d 1189, 1192.
[2] David v. Lose (1966), 7 Ohio St.2d 97, 218 N.E.2d 442, paragraph one of the syllabus.