This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Stephen H. Morse, appeals from the decision of the Summit County Court of Common Pleas which granted the motions of Appellees, Summit Moving and Storage ("Summit Moving"), Cincinnati Insurance Co. ("CIC"), A J Amer Insurance Agency ("Amer"), and Wheaton Van Lines, Inc. ("Wheaton"). We affirm.
{¶ 2} Appellant instituted this action against Appellees on April 1, 2002. Thereafter, Appellee Summit Moving filed an answer and motion to dismiss the complaint. Appellant responded in opposition. On June 10, 2002, the court granted the motion to dismiss.
{¶ 3} Subsequently, Appellees CIC, Amer, and Wheaton each filed motions to dismiss. The trial court granted these motions and dismissed the case against the remaining Appellees. Appellant timely appealed raising one assignment of error for our review.
 ASSIGNMENT OF ERROR "The trial court erred and failed to follow established law in granting [Appellees'] motions to dismiss[.]"
{¶ 4} In his sole assignment of error, Appellant contests the trial court's granting of Appellees' motions to dismiss. Specifically, Appellant maintains that he was the "real party in interest" to the relevant contract and therefore the motions to dismiss were improperly granted pursuant to Civ.R. 17(A). Appellant's assigned error lacks merit.
{¶ 5} An entry of dismissal on the pleadings presents only legal issues and is therefore reviewed de novo on appeal. Coventry Edn. Assn.v. Coventry Local School Dist. Bd. of Edn. (Nov. 20, 1996), 9th Dist. No. 17795, at 3. A complaint may be dismissed, pursuant to Civ.R. 12(B)(6), when it appears beyond doubt that a "plaintiff can prove no set of facts entitling him to recovery." O'Brien v. University CommunityTenants Union (1975), 42 Ohio St.2d 242, syllabus. The trial court may examine only the allegations and facts contained in the pleadings and may not consider evidence outside the complaint. Powell v. Vorys, Sater,Seymour Pease (1998), 131 Ohio App.3d 681, 684. When construing a complaint, for purposes of motions to dismiss pursuant to Civ.R. 12(B)(6), a presumption exists that all factual allegations of the complaint are true. Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190,192. Additionally, the trial court must make all reasonable inferences in favor of the nonmoving party. Shockey v. Wilkinson (1994),96 Ohio App.3d 91, 94.
{¶ 6} Thus, in considering Appellant's alleged error we must determine whether Appellant stated a claim for which relief could be granted. Appellant argues that the trial court erred by concluding that he was not the proper party to bring an action based on the claims arising from the cited contract. We disagree.
{¶ 7} Civ.R. 17 provides that "[e]very action shall be prosecuted in the name of the real party in interest." See, also, State, ex rel.Dallman v. Court of Common Pleas (1973), 35 Ohio St.2d 176, 178. A bailee or "a party with whom or in whose name a contract has been made for the benefit of another" may sue in his name without joining the party for whose benefit the action is brought. Civ.R. 17(A). A party is unable to invoke the jurisdiction of a court if that party, in an individual or representative capacity, lacks a real interest in the subject matter of the litigation. Coventry Edn. Assn., supra, at 3, citing State, ex rel.Dallman, 35 Ohio St.2d at 178. "The real party in interest is generally considered to be that person who can discharge the claim on which suit is brought. The real party in interest is the party who, by substantive law, possesses the right to be enforced." In re Highland HolidaySubdivision (1971), 27 Ohio App.2d 237, 240. Thus, for example, one may not sue upon a contract to which he is not a party. Coventry Edn. Assn., supra, at 4, citing West Clermont Edn. Assn. v. West Clermont Bd. ofEdn. (1980), 67 Ohio App.2d 160, 162-63.
{¶ 8} In the instant case, Appellant asserts various claims arising from an alleged breach of a bailment contract. When an individual entrusts property to another and pays for the services, a bailment for hire is created. See David v. Lose (1966), 7 Ohio St.2d 97, 98. Thereafter, the bailee is to exercise ordinary care in the safekeeping of the bailor's property and has a duty to return the property in the original condition at the termination of the bailment. Id.
 "In order to establish a prima facie case against a bailee in an action sounding in contract, a bailor need prove only (1) the contract of bailment, (2) delivery of the bailed property to the bailee and (3) failure of the bailee to redeliver the bailed property undamaged at the termination of the bailment." Id. at paragraph one of the syllabus. See, also, Collins v. Click Camera Video, Inc. (1993), 86 Ohio App.3d 826, 831.
{¶ 9} Upon review of the record, we find that the trial court did not err in dismissing Appellant's complaint. Notwithstanding the fact that Appellant asserts in his complaint that he is the owner of the lost property, the referenced contract indicates that Mary Lou Morse and Appellee Summit Moving are the sole parties to the contract. Thus, there is no privity of contract between Appellant and Appellees. As one may not sue upon a contract to which he is not a party, Appellant may not bring an action based on claims stemming from the contract between Mary Lou Morse and Appellee Summit Moving. See Coventry Edn. Assn., supra, at 4. Accordingly, we conclude that the trial court did not err by dismissing Appellant's complaint upon the determination that Appellant was "not the proper party to bring an action based on the claims arising out of the contract." Appellant's sole assignment of error is overruled.
{¶ 1O} Appellant's assignment of error is overruled. The decision of the Summit County Court of Common Pleas is affirmed.
BAIRD, J. CONCURS