DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from a judgment of the Toledo Municipal Court. The following facts are relevant to a disposition of this cause.
 {¶ 2} For some period of time prior to June 2002, plaintiff-appellant, Doral Steel, Inc., stored large coils of steel in a warehouse owned by Quality Steel Storage ("Quality"). On June 19, 2000, appellant delivered, among others, a steel coil weighing 44,780 pounds to the warehouse. Quality kept an inventory of the steel coils stored in the warehouse and identified this particular coil as Q185634. Quality's April 2002 inventory sheet still listed Q185634 as being stored in its warehouse. In that same month, however, Quality went out of business, and defendant-appellee, JG Toledo Properties, L.L.C., acquired ownership of the warehouse.
 {¶ 3} It is undisputed that during the period that Quality owned the warehouse appellant was not the only entity to store steel coils and other items in that building. However, it is also undisputed that at the time that appellant and appellee entered into a contract for the storage of appellant's steel coils, appellant was the only steel company storing its coils in appellee's warehouse. Richard A. Urbanski testified at the trial of this matter that he later saw some steel coils that were not appellant's property in appellee's warehouse. To the contrary, John F. Yoder, the owner of JG Toledo Properties, L.L.C., stated that the only coils ever stored in appellee's facility belonged to appellant.
 {¶ 4} On August 8, 2002, appellee faxed a written offer to appellant in which it offered to store appellant's steel coils for a flat fee of $2,000 per month. Appellant agreed to these terms and paid appellee $8,000 for the months of May, June, July, and August 2002. In order to gain entrance to the warehouse, customers were required to call appellee's maintenance man.
 {¶ 5} In September 2002, appellant discovered that the steel coil labeled Q185634 was missing from appellee's warehouse. Appellant billed appellee for the cost, $9,963.55, of the missing steel coil. When appellee refused to pay appellant that amount, appellant instituted the instant action in the municipal court.
 {¶ 6} After a trial to the bench, the lower court found that a bailment existed between the parties; therefore, appellee was required to redeliver the steel coil upon appellant's demand. Nevertheless, the court further determined that appellee "exercised due care by restricting access to the storage facility, given the nature of the goods," and thus had a legal excuse for failing to redeliver that property to appellant.
 {¶ 7} Appellant appeals the trial courts judgment and sets forth the following assignments of error:
 {¶ 8} "The decision of the trial court in favor of appellee was against the manifest weight of the evidence and an error at law, since appellee provided no explanation whatsoever for its failure to re-deliver appellant's bailed goods."
 {¶ 9} "The trial court's finding that appellee set forth sufficient evidence that the steel coil was lost without fault or want of due care by appellee is contrary to the manifest weight of the evidence."
 {¶ 10} Appellant's first and second assignments of error are interrelated and shall, therefore, be considered together,
 {¶ 11} Judgments supported by some competent, credible evidence, going to all the essential elements of the case, will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. FoleyConstr. Co. (1978), 54 Ohio St.2d 279, syllabus. In applying this standard, we must presume that the findings of the trial court are correct due to the fact that a trial court views the witnesses and weighs the credibility of the parties' testimony. Seasons Coal Co., Inc. v.Cleveland (1984), 10 Ohio St.3d 77, 80.
 {¶ 12} In the present case, appellant expressly based its cause of action on the alleged breach of a bailment contract. Therefore, in order to establish a prima facie case against appellee, appellant was required to prove: "(1) the contract of bailment, (2) delivery of the bailed property to the bailee and (3) failure of the bailee to redeliver the bailed property undamaged at the termination of the bailment." David v.Lose (1966), 7 Ohio St.2d 97, paragraph one of the syllabus. Once the appellant demonstrated these three elements, it also established "a prima facie case of want of due care." Id. at paragraph two of the syllabus. The burden of going forward then shifted to appellee to explain the failure to redeliver. Id. Appellee then had to present evidence showing that despite the fact that it was liable for failing to redeliver appellant's steel coil, it was excused because the coil was lost "without fault or want of care" on its part. Id. at 100. In establishing the want of due care on the part of appellee, the trial court had to consider and weigh several things, including the presumption arising from the appellee's failure to deliver, its explanation of the circumstances surrounding such failure, and any evidence offered in rebuttal.Midwestern Indem. Co. v. Winkhaus (1987), 42 Ohio App. 3d 235, 236.
 {¶ 13} In the case under consideration, appellant established, by some competent credible evidence, that a bailment contract existed between appellant and appellee, that a steel coil was delivered to appellee's warehouse, and that appellee failed to redeliver the steel coil. In his testimony, Yoder stated that (1) he was not in the business of storing steel coils; (2) access to appellee's warehouse was gained only by calling appellee's maintenance man who would then open the doors to the warehouse; and (3) the only steel coils stored in appellee's warehouse during the relevant period were appellant's. The trial judge considered this testimony, the credibility of the witnesses, and the unique nature of the bailed goods, specifically, the size and weight and the difficulty in removing those goods from appellee's warehouse, and found that appellee established a lack of fault or due care. Upon a thorough review of the case before us, we conclude that this judgment is supported by some competent, credible evidence. Accordingly, appellant's first and second assignments of error are found not well-taken.
 {¶ 14} On consideration whereof, this court finds that substantial justice was done the party complaining, and the judgment of the Toledo Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal for which sum judgment is rendered against appellant on behalf of Lucas County and for which execution is awarded. See App. R. 24.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Singer, P.J., concur.