**VANDEVENTER, n.k.a. Spivey–Stiver, Appellee,**

v.

**VANDEVENTER, Appellant.**

[Cites as *Vandeventer v. Vandeventer* (1999), 132 Ohio App.3d 762.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA98–05–098.

Decided March 15, 1999.

*Fred Miller,* for appellee.

*Michael J. Davis,* for appellant.

Powell, Presiding Judge.

Defendant-appellant, Brian L. Vandeventer, appeals a Butler County Court of Common Pleas, Domestic Relations Division, decision denying part of his contempt order against his ex-wife, plaintiff-appellee, Lizbeth Spivey–Stiver. We affirm in part, reverse in part, and remand for further proceedings.

On July 25, 1992, the parties were married; Spivey–Stiver filed for divorce on January 11, 1996. On March 15, 1996, the trial court entered a divorce decree that granted Vandeventer ownership in fee simple of 8935 Shadow Point Court in Cincinnati. However, Spivey–Stiver was granted the right to remain on the property, and was ordered to pay one-half of the mortgage while she resided there. Further, the decree required Spivey–Stiver to return certain personal property items to Vandeventer.

On August 4, 1997, Vandeventer filed a motion for contempt against Spivey–Stiver for failing to return and damaging his personal property, and for failing to pay her share of the mortgage payments. Vandeventer requested that Spivey–Stiver be ordered to return his personal property and pay the past due mortgage payments, costs, attorney fees, and damages. On October 10, 1997, a hearing was held.

On October 15, 1997, the magistrate denied Vandeventer's motion for contempt regarding property damage, but granted Vandeventer's motion for contempt regarding the mortgage payment. The magistrate ordered Spivey–Stiver to pay $89.96 in interest for failing to pay her share of the March 1996 mortgage payment in a timely manner, and $1,460 for failing to pay her share of the mortgage for April and June 1997. In addition, the magistrate ordered Spivey–Stiver to pay $200 in attorney fees and $50 in costs. The magistrate did not rule on Vandeventer's request for the return of his personal items.

On October 28, 1997, Vandeventer filed objections to the magistrate's decision. On December 10, 1997, the trial court affirmed all aspects of the magistrate's decision. Vandeventer filed a timely appeal and asserts five assignments of error as follows:

Assignment of Error No. 1:

"The trial court erred as a matter of law when it approved the magistrate's decision concerning Spivey–Stiver's missed mortgage payments because the decision was against the manifest weight of the evidence."

Assignment of Error No. 2:

"The trial court erred as a matter of law when it approved the magistrate's decision concerning the late charges due to Mr. Vandeventer because the decision was against the manifest weight of the evidence."

Assignment of Error No. 3:

"The trial court erred as a matter of law when it approved the magistrate's decision concerning the damage to Mr. Vandeventer's personal property because the decision was against the manifest weight of the evidence."

Assignment of Error No. 4:

"The trial court erred in not addressing Mr. Vandeventer's request for the return of his personal property."

Assignment of Error No. 5:

"The trial court erred as a matter of law in limiting the amount of Mr. Vandeventer's attorney fees to $250.00."

In his first assignment of error, Vandeventer argues that the trial court's calculations of the amount Spivey–Stiver owes him for failing to pay her share of the mortgage was against the manifest weight of the evidence. We disagree.

An appellate court shall not substitute its judgment for that of the trial court. *Seasons Coal Co., Inc. v. Cleveland* (1984), 10 Ohio St.3d 77, 10 OBR 408, 461 N.E.2d 1273. It must give deference to the findings of the trial court, recognizing that the trial judge is in the best position to "view witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Id.* at 80, 10 OBR at 410–411, 461 N.E.2d at 1276. However, "judgments [must be] supported by some competent, credible evidence going to all the essential elements of the case" or they will be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 279, 8 O.O.3d 261, 261, 376 N.E.2d 578, 579.

In the present case, there is no dispute that the trial court correctly determined that Spivey–Stiver failed to pay the mortgage for April and June 1997. However, Vandeventer argues the trial court erroneously determined that Spivey–Stiver paid her share of the August 1996 and May 1997 mortgage payments. Typically, Vandeventer would send a check made out to Spivey–Stiver for his share of the mortgage, then Spivey–Stiver would send a payment to the mortgage company for the full amount of the mortgage payment. On October 10, 1997, Spivey–Stiver testified and introduced evidence that demonstrated that on August 15, 1996, she paid the mortgage company the August 1996 mortgage payment. Vandeventer argues that he sent her two checks, one on August 1, 1996 and another on August 17, 1996 to cover the entire mortgage payment for August.

However, the record reflects that Vandeventer's check for August 17, 1996 was used to replace his June 1996 check, which was returned for insufficient funds.

Spivey–Stiver testified that the August 17, 1996 check was to reimburse her for Vandeventer's June 1996 check that bounced. It was not used toward the August 1996 mortgage payment.

By May 1997, the parties were sending their shares of the mortgage directly to the mortgage company. Vandeventer claimed that Spivey–Stiver never made a May 1997 payment. However, Vandeventer testified that he had no knowledge as to whether she made such a payment. Spivey–Stiver testified that she sent check number 3433, dated May 8, 1997 for $727 to the mortgage company to cover her half of the May 1997 payment. Vandeventer offered no evidence to prove that Spivey–Stiver did not pay the mortgage in May 1997.

The foregoing demonstrates that there is competent and credible evidence that Spivey–Stiver made her share of the August 1996 and May 1997 mortgage payments. Accordingly, Vandeventer's first assignment of error is overruled.

In his second assignment of error, Vandeventer argues that the trial court's decision denying his request for $742 in late charges against Spivey–Stiver was against the manifest weight of the evidence. We disagree.

It is not disputed that Spivey–Stiver failed to make her mortgage payment for March 1996. It was not until fourteen months later, on May 18, 1997, that Spivey–Stiver paid the mortgage company for March 1996. The trial court assessed an interest charge of $89.96 against Spivey–Stiver. The trial court further found that Spivey–Stiver failed to pay her April and June 1997 mortgage payments. As a result, the trial court ordered Spivey–Stiver to pay $1,460 in mortgage payments.

Vandeventer complains that he is entitled to at least $742 in late fees from Spivey–Stiver. Vandeventer introduced documentation from the mortgage company that late charges of $1,031.35 were assessed, but the documentation did not indicate when the late charges occurred, or if they were the result of Spivey–Stiver's failure to pay. In addition, there was evidence that Vandeventer was late in making his mortgage payments for some months. Therefore, Vandeventer failed to set forth evidence indicating that the late charges were as a result of Spivey–Stiver's late payments. There was no competent or credible evidence that warranted the trial court to assess late charges of $742 against Spivey–Stiver. Accordingly, Vandeventer's second assignment of error is overruled.

In his third assignment of error, Vandeventer argues that the trial court's finding that Spivey–Stiver did not damage his personal property was against the manifest weight of the evidence. We agree.

"A bailment exists where one person delivers personal property to another for a specific purpose. Possession alone is transferred, and ownership

remains in the bailor." *Marcum v. House Towing* (Nov. 11, 1998), Butler App. No. CA98–05–109, unreported, 1998 WL 761574, at 3, citing *Tomas v. Nationwide Mut. Ins. Co.* (1992), 79 Ohio App.3d 624, 629, 607 N.E.2d 944, 947. "A bailment may be for the benefit of only the bailor or bailee, or for mutual benefit of both." *Tomas,* 79 Ohio App.3d at 629, 607 N.E.2d at 947. The failure of bailee to return the bailed property undamaged creates an action in contract or tort. *Agricultural Ins. Co. v. Constantine* (1944), 144 Ohio St. 275, 29 O.O. 426, 58 N.E.2d 658, paragraph two of the syllabus. "If the bailee causes or *permits* property to be destroyed or damaged, this constitutes a conversion of the property to the bailee's own use." (Emphasis added.) *Tomas,* 79 Ohio App.3d at 629, 607 N.E.2d at 947. If the bailee retains property without benefit, then she is held to a standard of gross negligence. *United States Fire Ins. Co., v. Paramount Fur Serv. Inc.,* (1959), 168 Ohio St. 431, 437, 7 O.O.2d 267, 270, 156 N.E.2d 121, 126–127. Gross neglect of duty amounts to "wilfulness and evinces a reckless disregard of the rights of others." *Id.,* citing *Toledo & Ohio Cent. Rd. Co. v. Bowler & Burdick Co.,* (1900), 63 Ohio St. 274, 58 N.E. 813.

■ In order to establish a cause of action in contract under a bailment theory, the bailor must prove "(1) the contract of bailment, (2) delivery of the bailed property to the bailee, and (3) failure of the bailee to redeliver the bailed property undamaged at the termination of the bailment." *David v. Lose* (1966), 7 Ohio St.2d 97, 36 O.O.2d 81, 218 N.E.2d 442, paragraph one of the syllabus. However, the bailee will not be held liable if it can be demonstrated that reasonable and ordinary care was taken with the bailed property. *Id.* at 99, 36 O.O.2d at 83, 218 N.E.2d at 445.

■ After the parties were divorced, Vandeventer retained ownership of some household items, including a refrigerator and a 1987 Mercury Cougar. Pursuant to the divorce decree, Vandeventer had ten days to remove his personal items from the residence. However, Vandeventer and Spivey–Stiver agreed that Vandeventer would leave his personal property for their mutual benefit.[1] Vandeventer left the refrigerator and the other items in the house to enhance its appearance to potential buyers. In addition, it was agreed that Vandeventer could leave his Mercury Cougar in the garage for storage. In return, Spivey–Stiver could use the personal items in the house. As a result, Spivey–Stiver

---

1. Pursuant to R.C. 2705.02, a court has jurisdiction to enforce a court order. It is not the intent of this court to modify the original divorce decree between the parties in this case. Rather, it is the intent of this court to enforce the intent of the divorce decree and the subsequent agreement between the parties. The divorce decree created a bailment when it required Spivey–Stiver to return Vandeventer's personal property. The implicit understanding behind the decree was to return Vandeventer's personal property undamaged. See *Oatey v. Oatey* (Feb. 6, 1997), Cuyahoga App. No. 70630, unreported, 1997 WL 47658, at 9–11. Therefore, this court has jurisdiction to enforce the divorce decree.

benefited from the use of the personal items in the residence and Vandeventer benefited by having a place to store his personal property. Therefore, we find that the parties entered into a bailment; the items in the house were for mutual benefit, and the vehicle was left for Vandeventer's sole benefit.

When Vandeventer retrieved the items, the refrigerator had a dent on the side of it and the vehicle was damaged. At the hearing, Vandeventer introduced photographs depicting all four tires slashed, dents and scratches on the body of the vehicle, and a dent on the refrigerator. Further, Vandeventer established that only Spivey–Stiver had access to these items. However, the trial court held that this was insufficient evidence to hold Spivey–Stiver accountable.

We find that there was sufficient circumstantial evidence to find that Spivey–Stiver failed to exercise ordinary and reasonable care as to the refrigerator and was grossly negligent as to the care of the Mercury Cougar. Therefore, the trial court erred when it failed to hold Spivey–Stiver liable for the damages to Vandeventer's property. Accordingly, Vandeventer's third assignment of error is well taken.

The refrigerator was purchased for $1,100 and Vandeventer was able to resell it for $800. As a result, we do not find that Vandeventer suffered economically from the damage done to the refrigerator. However, the issue of damages to Vandeventer's vehicle must be determined. Therefore, we remand this issue to the trial court to make findings of actual damages Vandeventer incurred as a result of the damage to his vehicle.

In his fourth assignment of error, Vandeventer argues that the trial court failed to consider whether Spivey–Stiver improperly refused to return personal property to him. We agree.

During the October 10, 1997 contempt hearing, Vandeventer testified that (1) a furniture group, (2) a lawn mower, (3) miscellaneous tools, and (4) a cookware set were awarded to him pursuant to the divorce decree, but Spivey–Stiver refused to return the items to him. Spivey–Stiver testified that some of the items belonged to Vandeventer; however, the trial court did not address the issue. Therefore, Vandeventer's fourth assignment of error is well taken, and we remand this issue to the trial court to determine whether Spivey–Stiver should be found in contempt for failing to return certain property to Vandeventer, and if so to determine what action is necessary.

In his fifth assignment of error, Vandeventer argues that the trial court erroneously limited his award for attorney fees after the trial court found Spivey–Stiver in contempt. We disagree.

Once the domestic relations court finds the party in contempt, attorney fees of $200 are awarded. Loc.R. 24(5) of Court of Common Pleas, Butler County, Domestic Relations Division. In order for reasonable attorney fees above $200 to be awarded pursuant to a contempt finding, the moving party must present independent evidence to substantiate the award as reasonable. *Id.* See *Milam v. Milam* (Oct. 19, 1994), Greene App. No. 94–CA–23, unreported, 1994 WL 579722, at 8, citing *In re Estate of Verbeck* (1962), 173 Ohio St. 557, 20 O.O.2d 163, 184 N.E.2d 384; R.C. 3105.18(H). Reasonable attorney fees must be based upon actual services performed by the attorney and upon the reasonable value of those services. *Id.*

In the present case, the trial court found Spivey–Stiver in contempt and awarded Vandeventer $200 in attorney fees pursuant to Loc.R. 24(5). At the hearing, Vandeventer testified that he incurred additional expenses in attorney fees. However, Vandeventer failed to demonstrate to the trial court the actual services that were performed or the reasonable value of such services, nor did Vandeventer introduce evidence through independent testimony or documentation. Accordingly, Vandeventer's fifth assignment of error is overruled.

Judgment affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

*Judgment affirmed in part,*
*reversed in part,*
*and cause remanded.*

KOEHLER and WALSH, JJ., concur.