OPINION
This appeal is brought by Melissa Long ("Appellant") from a judgment of the Court of Common Pleas of Marion County, Domestic Relations Division, denying her motion for contempt, and granting a motion filed by her ex-spouse, Charles Long ("Appellee"), for modification of visitation rights.
The parties were married in Ohio on September 3, 1990. One child, Caitlin, d.o.b. July 26, 1991, was born as issue of the marriage. At some point during the marriage, the parties began to reside in the state of Georgia. In August 1997, Appellant filed a petition for divorce in the Superior Court of Gwinnett County, Georgia. In conjunction with the petition, the parties filed a "settlement agreement", which provided, among other things, that Appellant would have permanent physical custody of the child and that they would reside in the state of Ohio. The agreement also provided that Appellee could exercise liberal visitation rights in the state of Ohio, and that each summer, the father could enjoy two weeks of visitation with the child outside the state of Ohio. The Georgia court issued a final decree of divorce on October 13, 1997, which incorporated the terms of the previously filed settlement agreement.
In February 2000, after the mother and child relocated to Marion County, Ohio, the father filed a motion with the Domestic Relations Division of the Marion County Common Pleas Court, requesting the court to assume jurisdiction over the issue of parental rights and responsibilities and asking for an order either enforcing the established visitation rights under the Georgia decree or, in the alternative, modifying the foreign decree in accordance with the Marion County visitation schedule. The court accepted jurisdiction of the case, and the matter was set for a hearing by judgment entered February 22, 2000.
In the meantime, Appellant filed a motion for contempt for Appellee's failure to abide by the Georgia decree. Specifically, Appellant alleged that Appellee failed to pay his share of the child's uninsured medical expenses; failed to carry the child on a life insurance policy; and failed to pay the costs associated with the child's transportation for visitation purposes.
The court conducted a hearing on all pending matters on May 22, 2000. After considering the evidence presented, the court entered judgment finding that a change of circumstances had occurred, and the best interest of the child warranted a modification of visitation. The court also found Appellee in contempt on the life insurance and transportation issues, but did not enter a finding of contempt on the uninsured medical bills. It is from this judgment that Appellant brings the instant appeal.
 Assignment of Error I The trial court erred and abused its discretion in failing to consider the factors set forth in Ohio Revised Code Section 3109.051 in modifying the non-custodial parent's rights of companionship.
In its entry modifying the existing visitation schedule, the trial court extended the father's summer visitation to a period of four weeks for the year 2000 and six weeks each summer thereafter. The order specifies that the father shall exercise this summer visitation from the beginning of July until mid August, or as the parties can otherwise agree. In addition, the court granted the father visitation with the child at his residence each year during spring break, and one week of visitation at his residence each year during the Christmas holiday. Although the court did not provide a detailed explanation for the decision, the entry reflects that the court found that a change of circumstances had occurred and that the modification was in the child's best interest.
In Braatz v. Braatz (1999), 85 Ohio St.3d 40, the Ohio Supreme Court set forth the appropriate standard for trial courts to apply when faced with the decision of whether to modify an existing visitation order. The Court first clarified that R.C. 3109.051 governs the modification of visitation rights. Id. at paragraph one of the syllabus. The Court then went on to explain that, "The party requesting a change in visitation rights need make no showing that there has been a change in circumstances in order for the court to modify those rights. Pursuant to R.C.3109.051(D), the trial court shall consider the fifteen factors enumerated therein, and in its sound discretion shall determine visitation that is in the best interest of the child." Id. at paragraph two of the syllabus.
The factors set forth in R.C. 3109.051(D) include:
 (1) The prior interaction and interrelationships of the child with the child's parents, siblings, and other persons related by consanguinity or affinity * * *;
 (2) The geographical location of the residence of each parent and the distance between those residences * * *;
 (3) The child's and parents' available time, including, but not limited to, each parent's employment schedule, the child's school schedule, and the child's and the parents' holiday and vacation schedule;
(4) The age of the child;
(5) The child's adjustment to home, school, and community;
* * *
(7) The health and safety of the child;
* * *
 (10) Each parent's willingness to reschedule missed visitation and to facilitate the other parent's visitation rights * * *;
* * *
(15) Any other factor in the best interest of the child.
Appellant initially complains that the trial court applied an incorrect legal standard when making its decision. We acknowledge that according to Braatz, the trial court was not required to find a change of circumstances prior to entering a modification of visitation. 85 Ohio St.3d at paragraph two of the syllabus. Notwithstanding, we do not consider the trial court's statement to that effect to be reversible error. As we have already stated, Braatz mandates a finding that the modification is in the child's best interest. Id. The entry in this case clearly states that the court made such a finding. Thus, the superfluous statement regarding a change of circumstances is harmless.
Appellant next argues that the trial court abused its discretion in ordering the modification because the judgment entry fails to reflect any consideration of the R.C. 3109.051(D) factors. Where a judgment entry is general in nature, the appellate court will assume regularity at the trial court level. See Bunten v. Bunten (1998), 126 Ohio App.3d 443,447; citing Scovanner v. Toelke (1928), 119 Ohio St. 256, paragraph four of the syllabus. In Braatz, supra, the Supreme Court noted that the "better practice * * * is for the trial court, upon request by a party, to file findings of fact and conclusions of law." 85 Ohio St.3d 45
[emphasis added]. We find it significant that Appellant did not request the court to issue findings of fact and conclusions of law in this case. Moreover, the record indicates that the trial court was presented with evidence concerning several of the factors listed in R.C. 3109.051(D) such as the geographic distance between the parents' homes; the child's relationship with relatives on her father's side; and her adjustment to Marion and the activities that the child participates in during the summer. In light of this and other evidence, we cannot say that the trial court abused its broad discretion in modifying the visitation order.
Appellant's first assignment of error is overruled.
 Assignment of Error II The trial court erred and abused its discretion in failing to find Appellee in contempt of court for his failure to pay certain uninsured medical expenses incurred on behalf of the parties' minor child.
 "Civil contempt is defined as that which exists in failing to do something ordered to be done by the court in a civil action for the benefit of the opposing party therein." Sancho v. Sancho (1996), 114 Ohio App.3d 636, 642, quoting Beach v. Beach (1955), 99 Ohio App. 428, 431. "A finding of civil contempt requires clear and convincing evidence that the alleged contemnor has failed to comply with the court's prior orders." Moraine v. Steger Motors, Inc.
(1996), 111 Ohio App.3d 265, 268. Thus, if the record contains competent, credible evidence, the issue of contempt is not subject to reversal on appeal. Sancho, 114 Ohio App.3d at 642.
With respect to uninsured medical expenses incurred on behalf of the parties' minor child, the divorce decree provides:
 * * * Each party shall be responsible for fifty percent (50%) of any sums due for services not covered under such policies [medical, hospitalization and dental] of insurance. In the event the Husband fails to maintain insurance as required by this paragraph, then Husband shall be deemed to be self-insured and the Husband shall be obligated to pay the first ninety (90%) percent of any medical, hospitalization, prescription and/or dental expenses incurred for the benefit of the Child and the remaining ten percent (10%) of the medical expenses would be shared equally by the parties. When medical, dental and/or hospitalization expenses of the minor Child occur, whether such is covered under a policy of insurance or not, the party incurring such expense for the benefit of the Child shall submit such expenses to the other party for payment of his or her share of said expenses. After receipt of such invoice, bill and/or statement, the responsible party shall have fourteen (14) days from the receipt of such invoices, bills and/or statements to pay his or her portion of said expenses.
Appellant complains that the trial court erred in not finding Appellee in contempt for the failure to pay his portion of three separate uninsured medical bills that were incurred in the fall of 1999 when the child fractured her collarbone. We cannot agree.
The clear language of the divorce decree orders that the parties communicate or exchange information concerning the expenses incurred for medical services provided to the child. It is true that Appellant produced evidence during the hearing to show that Appellee has failed to pay these medical bills in accordance with the Georgia decree. However, Appellee testified that he was unaware of the expenses, and that he would have paid them had he known about them. While this testimony admittedly conflicts with Appellant's statements that she personally delivered one of the bills to Appellee and mailed the remaining two to his home address, we are not in a position to judge the credibility of the witnesses, a task specifically reserved for the trial courts. SeeVandeventer v. Vandeventer (1999), 132 Ohio App.3d 762, 766. Therefore, since the record contains competent, credible evidence that Appellee was unaware of his obligation as to these particular medical bills, we must affirm the trial court's decision.
Appellant's second assignment of error is overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
HADLEY, P.J., and BRYANT, J., concur.