OPINION
{¶ 1} Plaintiff-appellant, Sherry Fox, appeals a decision of the Butler County Court of Common Pleas, Domestic Relations Division, dividing assets and liabilities in a divorce action.
 {¶ 2} Appellant and defendant-appellee, Jasonn Fox, were married on March 18, 2000. Appellant filed a complaint for divorce on May 10, 2001 and a final hearing was held on November 13, 2001. In a written decision, the trial court divided the parties' property and liabilities. Appellant now appeals portions of the trial court's decision and raises the following two assignments of error:
 {¶ 3} Assignment of Error No. 1:
 {¶ 4} "THE TRIAL COURT ERRED BY FINDING THAT THE ACTIONS OF PLAINTIFF-APPELLANT CREATED A BAILMENT REGARDING PROPERTY OF DEFENDANT-APPELLEE."
 {¶ 5} Assignment of Error No. 2:
 {¶ 6} "THE TRIAL COURT ERRED IN THE APPORTIONMENT OF THE CHACO CREDIT UNION DEBT AND NET PROCEEDS FROM AUCTION IN FINDING THAT THE MOTORCYCLE AS COLLATERAL FOR THE DEBT WAS SOLELY NON-MARITAL."
 {¶ 7} In her first assignment of error, appellant contends that the trial court erred by finding that a bailment existed when she took possession of property belonging to appellee. At the hearing, appellant testified that she moved out of the parties' apartment on Village Street at the end of November. Appellant testified that when she left, the parties divided their property and she took some of the items with her to her new apartment. She stated that she returned to the Village Street apartment several times to retrieve all of her possessions.
 {¶ 8} Appellant testified that she later received a telephone call from the Village Street landlord informing her that appellee had moved out, that there was unpaid rent and that the apartment needed to be cleaned out. She testified that in order to avoid charges for clean up and hauling of appellee's possessions, she moved them to her apartment. According to appellant, she called appellee and told him to come to her apartment and get his possessions, but he would not come get them. When appellant moved out of her apartment, she left appellee's items behind.
 {¶ 9} Appellee testified to a different version of events. According to him, appellant did not leave their apartment until mid-December and she returned to the apartment several times, sometimes moving things back in. Appellee claims that appellant took items of his to her apartment because it was easier for her to keep them until he moved to a new residence. He claims that he agreed to have the items moved there and even helped move some of the possessions.
 {¶ 10} Appellee testified that appellant did not contact him to remove the items from her apartment when she moved. He stated that when he went to the apartment to retrieve his things, she and all the items were gone. Appellee testified that when he called appellant to ask about his possessions, she told him that he would have to go through the court system to get everything.
 {¶ 11} The trial court found that a bailment was created when appellant took appellee's property into her possession. The court further found that appellant abandoned the property when she moved and ordered her to pay appellee for the value of the property. Appellant argues that the trial court erred in finding a bailment existed and that she was liable for conversion of the property.
 {¶ 12} "A bailment exists where one person delivers personal property to another for a specific purpose. Possession alone is transferred, and ownership remains in the bailor." Vandeventer v.Vandeventer (1999), 132 Ohio App.3d 762, 768, quoting Marcum v. HouseTowing (Nov. 11, 1998), Butler App. No. CA98-05-109. When a bailee causes or permits the property to be destroyed or damaged, this action constitutes a conversion of the property to the bailee's own use. Id. If a bailee retains property without benefit, she is held to a standard of gross negligence. Id. Gross neglect of duty occurs when the party acts willfully and with a reckless disregard for the rights of others. Id.
 {¶ 13} Appellant first argues that no bailment relationship was created. She argues that there was no "meeting of the minds as to terms and conditions." She argues there was no delivery of the property from appellee to her because she went to the apartment and retrieved the items after a phone call from the landlord. However, according to appellee, he agreed that the property should be moved to appellant's apartment and even helped move some of the items. Thus, there was evidence from which the trial court could determine that a bailment existed.
 {¶ 14} Appellant further argues that if a bailment existed, she should be held to a standard of gross negligence. She contends that because she called appellee and told him to come and get the items, she is not liable for any damages. However, again, according to appellee, appellant did not inform him that he needed to pick up the property before she moved. Thus, we find that the trial court did not err in determining that a bailment existed and that appellant was liable for the cost of the lost property. Appellant's first assignment of error is overruled.
 {¶ 15} In her second assignment of error, appellant contends that the trial court erred in awarding the proceeds of an auction to appellee. A few weeks before the marriage, appellee purchased a Harley Davidson motorcycle. During the marriage, the parties obtained a consolidation loan with Chaco. The motorcycle was pledged as collateral for the loan. When the parties defaulted on the loan, the motorcycle was sold at an auction. When appellant received a check for $809.49 representing the amount of the sale minus the outstanding debt on the loan, she cashed it and did not give any portion of the proceeds to appellee. The trial court found that because the motorcycle was appellee's separate asset, he should have received the auction proceeds, and ordered appellant to pay appellee $809.49.
 {¶ 16} Appellant argues that because the motorcycle was used as collateral for a consolidation loan that had a mixed nature of marital and separate debt, appellee has "no right to have the separate asset be considered non-marital for purposes of debt apportionment." We disagree.
 {¶ 17} A trial court has broad discretion in making a division of property in a divorce action. Middendorf v. Middendorf, 82 Ohio St.3d 397,401, 1998-Ohio-403. As an initial matter, the court must classify the parties' property as either separate or marital. See R.C. 3105.171(B). After the property has been classified, the court must then equitably divide the marital property. See R.C. 3105.171(C)(1). A trial court's decision regarding property division will not be reversed absent an abuse of discretion. Middendorf at 401. "If there is some competent credible evidence to support the trial court's decision, there is no abuse of discretion." Id.
 {¶ 18} We find no abuse of discretion in the trial court's decision that appellee should have received the proceeds of the sale. The motorcycle was appellee's separate property and despite appellant's various arguments to the contrary, pledging the motorcycle as collateral did not alter the nature of the vehicle as separate property. Appellant's second assignment of error is overruled.
Judgment affirmed.
WALSH, P.J., and VALEN, J., concur.