STATE FARM FIRE & CASUALTY COMPANY, Appellee,

v.

BARKER; VanZant et al., Appellants.

[Cite as *State Farm Fire & Cas. Co. v. Barker* (2001), 143 Ohio App.3d 407.]

Court of Appeals of Ohio,
Second District, Clark County.

No. 2000–CA–74.

Decided May 18, 2001.

*David J. Lester* and *Gary S. Greenlee,* for appellee.

*Glenn R. Pritchard,* for appellants.

---

FAIN, Judge.

Defendants-appellants Nicholas, Gayle, and Merrill VanZant appeal from a summary judgment rendered in the trial court that plaintiff-appellee State Farm Fire & Casualty Company is not liable for injuries sustained by Nicholas VanZant as a result of a rock thrown by defendant Jeffrey Barker at the car in which the VanZants were occupants. The VanZants contend that the trial court erroneously concluded that Barker's act of throwing the rock at the car with the purpose of damaging it was within State Farm's insurance policy's exclusion for willful and malicious acts, or, if the act of throwing the rock was within the exclusion, that the exclusion is contrary to public policy. We conclude that the act resulting in injury to the VanZants was a willful and malicious act, within the terms of the exclusion in the insurance policy. We further conclude that the policy's exclusion of coverage for injuries resulting from willful and malicious acts does not offend public policy. Accordingly, the judgment of the trial court is affirmed.

## I

Barker heard a crash outside his house. He and a friend went outside to investigate and saw a car pulling away and a beer bottle in the street. Barker and his friend, concluding that the occupants of the car had thrown the beer bottle at a van owned by Barker's friend, began to chase the other car in the van. After their initial effort to catch the car was unsuccessful, they returned to Barker's house to get Barker's truck to resume the search. Before getting into the truck, Barker picked up a rock that he intended to throw at the offending car.

Barker and his friend eventually spotted the object of their pursuit, and followed it until it pulled into a driveway. Barker stopped the truck, got out, and threw the rock at the car, with the intention of damaging it. Barker so testified at his deposition, and none of the parties challenges the fact that Barker intended to damage the car when he threw the rock.

The rock did not hit the back quarter side of the car, as Barker intended. It went through the rear window and struck Nicholas VanZant in the head, injuring him. Gayle and Merrill VanZant are the parents of Nicholas VanZant.

Barker has a policy of liability insurance with State Farm. State Farm brought this action for declaratory judgment to determine that it is not liable for the

injury to the VanZants. The trial court rendered summary judgment in favor of State Farm. From this judgment, the VanZants appeal.

## II

The VanZants' sole assignment of error is as follows:

"The trial court erred in granting summary judgment in favor of plaintiff-appellee, State Farm Fire and Casualty Company, and holding that State Farm is not obligated to provide liability insurance coverage to its insured, Jeffrey Barker, for damages arising out of injury to defendant-appellants, Nicholas VanZant, Gayle VanZant, and Merrill VanZant, due to the policy's exclusions for 'willful and malicious' acts."

### A

The VanZants first argue that the injury Nicholas VanZant sustained is not within the scope of the exclusion in Barker's State Farm liability insurance policy. That exclusion provides as follows:

"**SECTION II–EXCLUSIONS**

"1. Coverage L and Coverage M do not apply to:

"a. **bodily injury or property damage:**

"1. which is either expected or intended by an **insured;** or

"2. to any person or property which is the result of willful and malicious acts of an **insured.**" (Emphasis *sic.*)

The VanZants appear to be arguing that because the harm intended by Barker when he threw the rock—damage to the car—was not the harm actually caused by that act—injury to Nicholas VanZant—the exclusion does not apply. We disagree.

If injury to Nicholas VanZant had been expected or intended by Barker when he threw the rock, then the exclusion in subparagraph (1), quoted above, would apply. However, we understand State Farm to be relying upon subparagraph (2). This exclusion excludes bodily injury to any person which is the result of willful and malicious acts of the insured. It does *not* require the injury to have been intended or expected.

In our view, Barker's act of throwing the rock at the car with the intention of damaging it was unquestionably willful and malicious. Although there does not appear to be any definition of the phrase "willful and malicious" in the policy, it is difficult to comprehend any reasonable meaning of that phrase that would not encompass an act performed with the actual intention of damaging the property

of another. Because the injury to Nicholas VanZant resulted from Barker's willful and malicious act of throwing the rock, we conclude that the exclusion upon which State Farm relies expressly extends to liability for the injury to the VanZants.

### B

The VanZants next argue that if Barker's liability for throwing the rock and injuring the VanZants is excluded from the policy, then that exclusion is contrary to public policy. The VanZants appear to be relying mainly upon dictum in *Allstate Ins. Co. v. Cartwright* (June 27, 1997), Montgomery App. Nos. 15472 and 15473, unreported, 1997 WL 368370. In that opinion, we expressed criticism of provisions in liability insurance policies that exclude from coverage criminal acts that are merely negligent. We opined:

"The criminal acts exclusion in the present case did not cover accidents resulting from criminal acts because even though the criminal acts were not restricted to intentional criminal acts, the injuries had to be reasonably expected." *Id.*

We concluded, in that case, that the injury, even though not intended, had to be reasonably expected as a result of the insured's act of aiming and firing a gun at a tree while leaning out of a car behind the person who was inadvertently struck by the bullet.

In the case before us, if the injury to Nicholas VanZant was not reasonably foreseeable as a result of Barker's having thrown the rock at the car in which VanZant was a passenger, then there would be no liability to insure, because the injury to VanZant could not be said to have been proximately caused by Barker's act. However, assuming that Barker has a liability to insure, that is, that the injury to Nicholas VanZant was a reasonably foreseeable consequence of Barker's having thrown the rock at the car in which VanZant was a passenger, then we see no public policy that would bar the exclusion in State Farm's insurance policy. The risk of harm associated with a merely negligent, or careless, act is significantly less than the risk of harm resulting from a willful and malicious act. Willful and malicious acts, if not done with intent to harm, are performed with at least a *conscious* disregard of the risk of harm to others. By contrast, acts that are merely negligent are performed with an unconscious disregard of the risk of harm to others, as a result of mere carelessness. In our view, the difference in degree of risk between negligent acts and willful and malicious acts is sufficient to justify an insurer in differentiating between those risks in a policy of liability insurance.

Indeed, a public policy argument could be made that willful and malicious acts ought not to be insurable. Because willful and malicious acts involve, if not an intent to injure, at least an intentional disregard of the safety of others, persons performing willful and malicious acts ought not to be permitted to shift their liability for those acts to another, since that would thereby lessen the actor's disincentive to perform the act. By contrast, a merely negligent act involves neither an intent to injure, nor an intentional disregard of the safety of others, which renders disincentives for negligent acts less meaningful as a way of influencing the actor's behavior.

The VanZants' sole assignment of error is overruled.

## III

The VanZants' sole assignment of error having been overruled, the judgment of the trial court is affirmed.

*Judgment affirmed.*

WOLFF, P.J., and FREDERICK N. YOUNG, J., concur.