[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant John Wagner appeals from the trial court's judgment granting summary judgment in favor of the intervening defendant-appellee, State Farm Fire and Casualty Company ("State Farm"). For the following reasons, we affirm the judgment of the trial court.
On April 18, 1998, Wagner, in the course of his employment duties as a police officer for Green Township, responded to a domestic-violence call at a residence on Leona Drive. Upon Wagner's arrival at the home, the suspect, defendant John Salzarulo, fled, and Wagner pursued him on foot. During the chase, Wagner injured his knee. As a result of this injury, Wagner required surgery and faced the prospect of further medical treatment. Wagner filed a complaint against Salzarulo on March 9, 2000, in which he alleged that he had sustained his injury as a consequence of Salzarulo's negligence.
State Farm, as the insurer on Salzarulo's homeowner's insurance policy, filed a motion to intervene, which the trial court granted. State Farm then moved for summary judgment, arguing that, as a matter of law, the liability claim against Salzarulo was excluded from coverage under his policy by the "willful and malicious acts" exclusion, and thus, State Farm was not required to indemnify Salzarulo. Because the phrase "willful and malicious" was not defined in the policy, the trial court used the definition of "willful and malicious" found in the Ohio Jury Instructions. Applying that definition, the court granted summary judgment in favor of State Farm upon its determination that Salzarulo's act of fleeing from the police was malicious and willful, and thus, liability for that act was excluded from coverage.
Wagner appeals, asserting in his single assignment of error that the trial court erred in granting summary judgment in favor of State Farm. He argues that the phrase "willful and malicious acts" required proof that Salzarulo had fled with an intent to injure Wagner, and that the record did not demonstrate such intent. State Farm asserts that for Salzarulo to have committed a "willful and malicious act," he need not have acted with an intent to injure, but only with an intent to commit the wrongful act.
Pursuant to Civ.R. 56(C), summary judgment may be granted only when no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and, viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to that party.[1] This court reviews the record de novo to determine whether summary judgment is appropriate.[2]
 The exclusions contained in Salzarulo's homeowner's policy include the following:
SECTION II EXCLUSIONS
Coverage L and Coverage M do not apply to:
bodily injury or property damage:
which is either expected or intended by the insured; or
 which is the result of willful and malicious acts of the insured.
The Second Appellate District, addressing the same issue as that before us, determined that State Farm's policy exclusion of "willful and malicious acts of the insured" did not require that the insured intend to injure the other party.[3] We agree with this statement of law.
In this case, if Salzarulo had either intended or expected to injure Wagner, then his act of fleeing from the police would have been excluded under subparagraph (1) of the policy, quoted above. But here, it was not the intent to injure that was determinative. The issue was whether Salzarulo's conduct in fleeing from the police to avoid a valid arrest was "willful and malicious"[4] and the record provides uncontroverted proof that it was.
Accordingly, we conclude that the trial court properly granted summary judgment in favor of State Farm on the ground that coverage was excluded for the liability resulting from Salzarulo's flight from the police to avoid arrest. Accordingly, Wagner's assignment of error is overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Gorman, JJ.
[1] See State ex rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587,589, 639 N.E.2d 1189, 1192.
[2] David v. Lose (1966), 7 Ohio St.2d 97, 218 N.E.2d 442, paragraph one of the syllabus.
[3] State Farm Fire Cas. Co. v. Barker (2001), 143 Ohio App.3d 407,758 N.E.2d 228.
[4] See Aguiar v. Tallman (Mar. 15, 1999), 7th Dist. No. 97-CA-116 (Analyzing State Farm's "willful and malicious" exclusion, the court stated that "it is the act of the insured that must be willful and malicious, not the harm to the victim.")